IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,347






EX PARTE ARTHUR LAFAYETTE, JR., Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


IN CAUSE NUMBER 02F0412-202 IN THE 202ND


DISTRICT COURT OF BOWIE COUNTY






 Per curiam.



O P I N I O N




 Applicant was convicted of family violence assault, repeat offense, and
punishment, enhanced by a prior conviction, was assessed at confinement for twenty
years. This conviction was affirmed. Lafayette v. State, No. 06-02-213-CR, (Tex.App. -
Texarkana, delivered December 9, 2003, no pet.).

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not notify him that the conviction
had been affirmed or what he needed to do to file such a petition. An affidavit filed by
appellate counsel states that counsel mailed Applicant timely notice that his appeal had
been affirmed, but failed to advise him that he could file a petition for discretionary
review. The trial court has recommended that Applicant be granted an opportunity to file
an out-of-time petition for discretionary review.

 Therefore, Applicant is entitled to relief. Ex parte Wilson, 965 S.W.2d 25
(Tex.Cr.App. 1997). The proper remedy in a case such as this is to return Applicant to
the point at which he can file a petition for discretionary review. He may then follow the
proper procedures in order that a meaningful petition for discretionary review may be
filed. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the Court of Appeals' decision had been rendered on the day the mandate
of this Court issues. We hold that should Applicant desire to seek discretionary review,
he must take affirmative steps to see that his petition is filed in the Court of Appeals
within thirty days after the mandate of this Court has issued.


DELIVERED: March 1, 2006

DO NOT PUBLISH